UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DEVONTAE C. HARRIS,

    Plaintiff,

    v.      CAUSE NO.: 2:24-CV-351-TLS-JEM

COOPER, et al.,

    Defendants.

**OPINION AND ORDER**

Devontae C. Harris, a prisoner without a lawyer, filed an amended complaint. ECF No. 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Harris alleges that he was assaulted by four officers on September 21, 2024, while being held as a pre-trial detainee at the Lake County Jail. He was on the range and placed a phone call. About fifteen minutes later, Sort Officer Cooper, Officer Campbell, Officer Mlodecki, and Officer Yanez approached. They said something to Harris, but he did not hear what they were saying because he was on the phone. Seconds later, they approached with aggression and began to assault him. Sort Officer Cooper discharged his stun gun on his back, legs, buttocks, and right arm. Harris indicates he showed no signs of aggression throughout the encounter. Six prongs were removed from Harris' body after the incident. He was not charged with any conduct

violations. He suffers from ongoing leg and back pain due to the attack, and he seeks compensatory and punitive damages.

Because Harris is a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (cleaned up). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment excessive force claim by alleging: (1) the defendant "intended to commit the physical act that caused the alleged injury" and (2) the use of force was objectively unreasonable. *Pittman v. Madison County*, 108 F.4th 561, 570 (7th Cir. 2024) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 395–97 (2015)).

As to the first prong, negligent acts cannot lead to liability. *Id.*; *see also Miranda*, 900 F.3d at 353 ("[N]egligent conduct does not offend the Due Process Clause[,]" and allegations of negligence, even gross negligence, do not suffice.). With regard to the second prong, "[a] jail official's response . . . is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley*, 576 U.S. at 398). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Such factors include the relationship between the need for force and the amount of force used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Kingsley*, 576 U.S. at 397. "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices

2

that are calculated to effectuate this detention.'" *Husnik v. Engles*, 495 Fed. App'x 719, 721 (7th Cir. 2012) (quoting *Bell*, 441 U.S. at 537).

Here, giving Harris the inferences to which he is entitled at this stage of the case, he has stated against Sort Officer Cooper. However, his allegations regarding the remaining defendants are too vague to state a claim. He alleges they "attacked" him, but he provides no specifics regarding their involvement in the attack whatsoever. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because Harris has not alleged any specific actions on the part of Officer Campbell, Officer Mlodecki, and Officer Yanez, that would violate the Fourteenth Amendment, he may not proceed against them.

For these reasons, the Court:

(1) GRANTS Devontae C. Harris leave to proceed against Sort Officer Cooper in his individual capacity for compensatory and punitive damages for using excessive force against him on September 21, 2024, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Officer Campbell, Officer Mlodecki, and Officer Yanez;

(4) DIRECTS the Clerk of Court, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sort Officer Cooper at Lake County Sheriff's Department, with a copy of this order and the complaint (ECF No. 7);

(5) ORDERS Lake County Sheriff's Department to provide the full name, date of birth, and last known home address of the Defendant, if he does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sort Officer Cooper to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 5, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT